IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES R. EAGLE BOY, | ) | 4:13CV3010 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Charles Eagle Boy ("Plaintiff") filed his Complaint in this matter on January 11, 2013. (Filing No. 1.) This court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of Plaintiff''s Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Tecumseh State Prison ("TSP") in Tecumseh, Nebraska. (Filing No. 1 at CM/ECF pp. 1-2.) He has sued Fred Britten ("Britten"), the warden at the TSP. (*Id.* at CM/ECF p. 2.) Generally, Plaintiff alleges that Britten failed to protect him from an assault by another inmate in violation of Plaintiff's Eighth Amendment rights.

Plaintiff alleges that Britten and "chair members" recommended that Plaintiff be moved from administrative confinement to general population. (*Id.* at CM/ECF p. 5.) However, Plaintiff's case manager informed Plaintiff that he was concerned about the move because of a personal issue between Plaintiff's brother and a TSP inmate. (*Id.* at CM/ECF p. 6.) Plaintiff's case manager informed Plaintiff that he was going to recommend that Plaintiff be transferred to the Nebraska State Penitentiary or the Lincoln Correctional Center because of the threat to Plaintiff's life and the risk

to the safety of the institution. (*Id.* at CM/ECF p. 7.) Britten "ignored and or neglected" the case manager's recommendation, and Plaintiff was moved to TSP's general population where he was assaulted by another inmate. (*Id.*) Plaintiff was "punched numerous times, knocked to the ground and was continuously assaulted" for six or seven minutes before TSP staff intervened. (*Id.*) As relief, Plaintiff seeks monetary relief in the amount of $50,000.00, and to be transferred to another facility. (*Id.* at CM/ECF p. 10.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

2

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

A.  **Claims for Monetary Relief**

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff did not specify whether he was suing Britten in his official or individual capacity. Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official

capacity."). A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Accordingly, Plaintiff's claims for monetary relief against Britten in his official capacity are dismissed.

**B.     Claims for Injunctive Relief Alleging Violation of Eighth Amendment**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. "'[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Prison officials must provide humane conditions of confinement, including protecting inmates from violence. *See Jensen v. Clarke,* 94 F.3d 1191, 1197 (8th Cir.1996). Unnecessary and wanton inflictions of pain, including inflictions of pain without penological justification, "'constitute[ ] cruel and unusual punishment forbidden by the Eighth Amendment.'" *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense against society.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

A prison official, such as Warden Britten, "may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." *Ambrose v. Young*, 474 F.3d 1070, 1079 (8th Cir.2007) (quotation omitted). A prison official, nonetheless, violates the Eighth Amendment by failing to protect an inmate

4

from a substantial risk of serious harm to the inmate. *See* Blades v. Schuetzle, 302 F.3d 801, 803 (8th Cir.2002).

A violation of the Eighth Amendment based on a failure to protect has two parts. First, the conditions that result from the failure to protect the inmate must pose a substantial risk of serious harm to the inmates. *Farmer*, 511 U.S. at 834. "This objective requirement ensures that the deprivation is sufficiently serious to amount to a deprivation of constitutional dimension." *Jensen*, 94 F.3d at 1197. Second, the subject prison official must have exhibited a sufficiently culpable state of mind, that is, the prison official must have been deliberately indifferent to a substantial risk of serious harm to the inmates. *See Farmer*, 511 U.S. at 834. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff alleges that Britten knowingly permitted Plaintiff to be returned to general population where there was a serious and known risk of harm to Plaintiff, and Plaintiff was actually assaulted upon being returned to general population. Plaintiff's Eighth Amendment claim is sufficiently pled to survive initial review under § 1915. Accordingly, this claim may proceed to service. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

C.     **Claims Alleging "Medical Neglect"**

Plaintiff also alleges a "[f]ailure to provide medical, dental, or psychiatric care that is necessary to prevent or to treat serious physical or emotional injury or illness."

(Filing No. 1 at CM/ECF p. 8.)  Here, Plaintiff has named only Warden Britten as a defendant, and he has not set forth any facts suggesting that Warden Britten denied Plaintiff medical, dental, or psychiatric care.  Accordingly, Plaintiff's claims for "medical neglect" may not proceed against Warden Britten.

    IT IS THEREFORE ORDERED that:

    1.    Plaintiff's claims for monetary relief against Defendant in his official capacity are dismissed.

    2.    Plaintiff's Eighth Amendment claim for injunctive relief against Warden Britten in his official capacity may proceed to service.

    3.    To obtain service of process on Defendant, Plaintiff must complete and return the summons form that the Clerk of the court will provide.  The Clerk of the court shall send one summons form and one USM-285 form to Plaintiff together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court.  In the absence of the forms, service of process cannot occur.

    4.    Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of Plaintiff's Complaint to the U.S. Marshal for service of process.  The Marshal shall serve the summons and the Complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.  The Clerk of the court will copy the Complaint and Plaintiff does not need to do so.

    5.    Federal Rule of Civil Procedure 4 requires service of a complaint on a defendant within 120 days of filing the complaint.  However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on

the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

7. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "October 25, 2013: Check for completion of service of summons."

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 3rd day of July, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.