IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES R. EAGLE BOY, | ) | 4:13CV3010 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Fred Britten's ("Britten") unopposed Motion to Dismiss Plaintiff Charles Eagle Boy's ("Eagle Boy") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Filing No. 16.) The court will grant Britten's Motion to Dismiss.

## I. BACKGROUND

Eagle Boy filed a Complaint in this matter on January 11, 2013. Liberally construed, Eagle Boy alleged that Britten, warden of the Tecumseh State Correctional Institution ("TSCI"), failed to protect him from an assault by another inmate. (Filing No. 1.) The court conducted an initial review of Eagle Boy's Complaint and allowed his claims against Britten to proceed to service of process. (Filing No. 13.) On October 11, 2013, Britten filed a Motion to Dismiss Eagle Boy's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Filing No. 16.) Upon further review of Eagle Boy's Complaint, the court finds that the Complaint should be dismissed for the reasons set forth by Britten in his Motion to Dismiss. Eagle Boy did not oppose Britten's Motion to Dismiss or move to amend his Complaint. The court deems this matter fully submitted.

## II. DISCUSSION

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from pleadings in favor of the non-moving party," *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678.

Eagle Boy alleges that on January 30, 2011, Britten and "Chair Members" recommended that Eagle Boy be removed from administrative confinement and placed in general population. (Filing No. 1 at CM/ECF p. 5.) At this time, Eagle Boy and his case manager discussed a possible risk of harm to Eagle Boy if he were released to general population because of a personal conflict between Eagle Boy's brother (Ronald Grant) and another inmate (Austin Ice). (*Id.* at CM/ECF p. 5.) Eagle Boy alleges that his case manager stated that he would recommend "to the Administration Review Board" that Eagle Boy be transferred to another facility. (*Id.* at CM/ECF p. 7.) It is unclear whether Eagle Boy was transferred to general population at this time. However, Eagle Boy's "Exhibit D" reflects that he was housed in segregation from May 25, 2011, until some time after October 25, 2011. (Filing No. 1 at CM/ECF p. 42.)

More than one year after the aforementioned discussion between Eagle Boy and his case manager, Eagle Boy was assaulted by an inmate on the yard at TSCI. (*Id.* at CM/ECF p. 7.) Eagle Boy's "Exhibit C" reflects that this assault occurred on May 10, 2012, and was perpetrated by inmate Jesse Berg. (*Id.* at CM/ECF p. 35.)

Britten argues, and the court agrees, that Eagle Boy's facts show no nexus between Eagle Boy's comments to his case manager in January 2011 and the attack that he suffered in May 2012. Eagle Boy does not allege that he warned anyone about a possible attack by Jesse Berg. Rather, he sets forth only a blanket assertion that he was assaulted "[d]ue to the fact [Britten] ignored and or neglected the [case manager's] recommendations." (*See* Filing No. 1 at CM/ECF p. 7.)

To state a failure-to-protect claim, Eagle Boy was required to allege that (1) Britten was aware of facts from which he could infer the existence of a substantial risk of serious harm to him, (2) he actually drew the inference, and (3) he failed to take reasonable steps to protect him. *Schofield v. Hopkins*, 491 Fed.Appx. 772, 774 (8th Cir. 2012). Here, Eagle Boy did not allege that Britten had actual knowledge of a threat to Eagle Boy, and the complaint does not permit an inference of any such knowledge. *See Iqbal*, 556 U.S. at 679 (stating well-pleaded facts must permit court to infer more than mere possibility of misconduct). Without more, the causal connection between Eagle Boy's conversation with his case manager in 2011 and the 2012 assault is too attenuated and cannot support the requisite finding of knowledge on Britten's part. Moreover, the prospective injunctive relief Eagle Boy sought in his Complaint was to be transferred to a different facility. Since filing this Complaint, Eagle Boy was transferred from TSCI to the Lincoln Correctional Center. (*See* Docket Sheet.) That is, Eagle Boy's claim for prospective injunctive relief is now moot.

Eagle Boy also alleges in his Complaint that there was a "[f]ailure to provide medical, dental, or psychiatric care that is necessary to prevent or to treat serious or

emotional injury or illness." (Filing No. 1 at CM/ECF p. 8.) Eagle Boy has named only Britten as a defendant, and he has not set forth any facts suggesting that Britten denied him medical, dental, or psychiatric care.

IT IS THEREFORE ORDERED that:

1. Eagle Boy's Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 29th day of May, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.